**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50257
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAURO CASTANEDA PALACIO,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-302-ALL-SS
---------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Mauro Castaneda Palacio appeals his conviction for use of a
computer with internet access to attempt to entice a minor to
engage in sexual activity, in violation of 18 U.S.C. § 2422.  He
argues that the district court abused its discretion in admitting
extrinsic evidence of his prior conviction for online
solicitation of a minor.  Palacio contends that the testimonies
of the minor witnesses from his prior offense should not have
been admitted into evidence under Federal Rule of Evidence 404(b)

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the probative value of the evidence was substantially outweighed by unfair prejudice.

In order to be admissible under FED. R. EVID. 404(b), extrinsic evidence of a prior offense must be relevant to an issue other than the defendant's character, and its probative value must not be substantially outweighed by undue prejudice. United States v. Beechum, 582 F.2d 898, 911 (1978) (en banc). Palacio concedes that the evidence was relevant to an issue other than the defendant's character. The only issue before this court is whether the probative value of the evidence was outweighed by its prejudice.

This court has consistently "held that evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and that any prejudicial effect may be minimized by a proper jury instruction." United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). Palacio's prior conviction was for a similar crime. The testimonies of the witnesses established the same modus operandi and provided details of the prior crime that were similar to the facts of the charged offense. Further, the district court admonished the jury that the evidence presented regarding the prior offense was not to be considered as evidence that he committed the offense charged. The district court did not abuse its discretion in admitting evidence of Palacio's prior conviction. Taylor, 210 F.3d at 318. Regardless, any error would be harmless considering

the overwhelming evidence of Palacio's guilt.  <u>See</u> <u>United States</u>
<u>v. Jackson</u>, 339 F.3d 349, 358 (5th Cir. 2003).

Accordingly, the judgment of the district court is AFFIRMED.